UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARKESE L. JONES, #1446668,

        Petitioner,

v.                                                 ACTION NO. 2:21cv311

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Markese L. Jones' *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent"). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, it is **RECOMMENDED** that respondent's motion to dismiss, ECF No. 15, be **GRANTED,** and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.    STATEMENT OF THE CASE

Petitioner Markese L. Jones ("Jones"), a Virginia inmate, has submitted a *pro se* petition pursuant to 28 U.S.C. § 2254. ECF No. 1. Jones alleges his federal rights were violated when he was convicted on November 20, 2012, following a bench trial in the Circuit Court of Mecklenburg County, of one count of attempted first-degree murder and one count of malicious wounding. *Id.* at 2, 43. Jones was sentenced to 60 years of incarceration with 30 years

suspended. *Id.* at 45.

Jones appealed his convictions to the Court of Appeals of Virginia, which denied his appeal on October 4, 2013. *Jones v. Commonwealth*, No. 0406-13-2 (Va. Ct. App. Oct. 4, 2013). Jones further appealed to a three-judge panel of the Court of Appeals of Virginia, which denied the appeal on December 4, 2013. *Jones v. Commonwealth*, No. 0406-13-2 (Va. Ct. App. Dec. 4, 2013). Jones finally appealed to the Supreme Court of Virginia, which refused his appeal on May 14, 2014, and his petition for rehearing on September 19, 2014. *Jones v. Commonwealth*, No. 132023 (Va. May 14, 2014).

Jones filed a *pro se* "Motion for Void Judgment" in the Circuit Court of Mecklenburg County, which the court dismissed on April 24, 2020 due to a failure to state grounds to justify the requested relief. ECF No. 1, at 50. Jones appealed this decision to the Court of Appeals of Virginia, which, on August 10, 2020, found it did not have proper jurisdiction to hear the case and transferred it to the Supreme Court of Virginia. *Jones v. Commonwealth*, No. 0836-20-2. (Va. Ct. App. Aug. 10, 2020). The Supreme Court of Virginia, on December 11, 2020, dismissed this transferred appeal, finding it "insufficient as it does not address any finding or ruling of the circuit court or any failure of the circuit court to rule on an issue." ECF No. 1, at 51. The Supreme Court of Virginia denied Jones' petition for a rehearing on March 25, 2021. *Jones v. Commonwealth*, No. 201011 (Va. Mar. 25, 2021).

Jones signed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 2, 2021. ECF No. 1, at 14. Jones asserts he is entitled to relief because the Supreme Court of Virginia erred in denying his motion to vacate (motion for void judgment). *Id.* at 5–10. Jones asserts that he addressed the findings and rulings of the circuit court in his motion to vacate with respect to the following grounds:

2

(1)  Jones was subjected to double jeopardy, given that he was convicted of malicious wounding and attempted murder involving the same incident and the same victim.

(2)  Prosecutorial misconduct arises from the prosecutor's decision to charge Jones with both crimes against the same victim.

(3)  Jones received ineffective assistance of counsel because his attorney failed to argue that the circuit court lacked subject matter jurisdiction to hear the case and failed to raise the double jeopardy issue.

(4)  Jones should not have been charged with attempted first-degree murder because the victim is still alive.

*Id.*

On January 5, 2022, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support. ECF Nos. 15–16. Jones filed a response to the motion on February 11, 2022. ECF No. 20.

## II.  ANALYSIS

**A.  Jones' federal habeas petition is barred by the statute of limitations.**

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d)(1)(A), (d)(2).

The Supreme Court of Virginia refused Jones' petition for rehearing on September 19, 2014. *Jones v. Commonwealth*, No. 132023 (Va. May 14, 2014). Therefore, the last day for Jones to seek direct review was December 18, 2014, reflecting the United States Supreme Court rule allowing 90 days from entry of judgment or the denial of a request for rehearing to file a petition for a writ of certiorari. *See* U.S. Sup. Ct. R. 13(3). Jones' one-year federal limitations period began to run on December 19, 2014, one day after his conviction became final on December 18, 2014. Absent tolling, Jones' one year ended on December 18, 2015, long before he signed his federal petition on May 2, 2021. *See* ECF No. 1, at 14.

**B.     Statutory tolling does not extend Jones' limitations period.**

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Jones filed his first state post-conviction petition in April 2020, after his federal limitations period had expired. Accordingly, statutory tolling does not apply to extend Jones' federal limitations period.

**C.     Jones is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

4

In his petition, Jones wrote "N/A" as his response to the request for an explanation for why his petition challenging a conviction that became final over one year ago should not be subject to the one-year statute of limitations. ECF No. 1, at 13. In his response to the motion to dismiss, Jones explains that his petition is not time-barred because he is "not arguing a greater or lesser charge or any of that . . . I am arguing my case with law and the law says that in my case the intent to kill that is in 18.2-32 which establishes malice is the same intent to kill that establishes malice in aggravated [wounding]." ECF No. 20, at 13. This is a repeat of Jones' legal theory on the merit of his claims, not an explanation of any extraordinary circumstance that prevented the timely filing of his federal petition. *See* ECF No. 1, 5–10. Further, there is no evidence presented by Jones to explain why it took over six years for him to file his federal petition after having his appeal dismissed at the Supreme Court of Virginia, and Jones has failed to show he was diligently pursuing his rights over that time.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.

Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
June 6, 2022

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

    Markese L. Jones, #1446668,
    River North Correctional Center
    329 Dellbrook Lane
    Independence, VA 24348

                                     Fernando Galindo, Clerk

                                     By _/s/ J.L. Meyers_____
                                          Deputy Clerk

                                     June 6, 2022